# VENABLE® LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

David N. Cinotti
T 212.370.6279
F 212.307.5598

November 23, 2016

**By Hand Delivery**

The Honorable Victor Marrero
U.S. District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/16

Re:   *Basso v. New York University*, Case No. 16-cv-7295 (VM)

Dear Judge Marrero:

This firm represents Defendant New York University ("NYU") in this matter. We write pursuant to Section II.B.2 of Your Honor's Individual Practices to request the Court's guidance concerning NYU's proposed motion to dismiss the complaint in this case. Copies of the relevant correspondence between the parties are enclosed.

## Background

Plaintiffs are former students at Tisch School of the Arts in Singapore ("Tisch Asia"), who filed this putative class action alleging that NYU broke contractual promises and made misrepresentations concerning the quality of education at Tisch Asia. The complaint bases subject-matter jurisdiction on the Class Action Fairness Act and alleges seven causes of action: breach of contract, breach of the implied covenant of good faith and fair dealing, violation of N.Y. General Business Law § 349, violation of N.Y. General Business Law § 350, negligent misrepresentation, fraud, and unjust enrichment.

As explained in more detail below, NYU believes that Plaintiffs' complaint should be dismissed in its entirety. In a letter to Plaintiffs dated October 31, 2016, NYU set forth the reasons that the complaint is deficient. Plaintiffs responded in a letter dated November 17, 2016, stating that they would amend the complaint to address a few deficiencies, but disagreeing with the majority of NYU's arguments.

Although Plaintiffs' proposed amended complaint would likely cure defects as to subject-matter jurisdiction, NYU continues to believe that all of the claims are subject to dismissal for failure to state a claim. Accordingly, NYU respectfully requests that the Court set a schedule for a motion to dismiss, or set a schedule for Plaintiffs to file an amended complaint, which NYU would then move to dismiss.

# VENABLE®LLP

Hon. Victor Marrero
November 23, 2016
Page 2

## Basis for Motion to Dismiss

As explained in NYU's October 31, 2016 letter, the complaint in this case fails to state a claim because:

- all of Plaintiffs' claims other than fraud are barred under the rule that New York does not recognize claims based on the quality, comparative quality, or adequacy of education or instruction, *see* NYU.'s Oct. 31, 2016 Ltr. at 2;

- the alleged promises are insufficiently specific to support a claim for breach of contract, *see id.*;

- the claim for breach of the implied covenant of good faith and fair dealing is impermissibly based on the same facts and allegations as the claim for breach of contract, *see id.*;

- the claims under Sections 349 and 350: (a) are time-barred, (b) do not allege a misrepresentation, (c) do not plead causation, and (d) do not allege cognizable harm, *see id.* at 2-3;

- the claim for negligent misrepresentation does not allege a misrepresentation or the required "special relationship," *see id.* at 3;

- with regard to fraud: (a) the complaint does not plead which alleged statements were viewed by which plaintiffs (if any); (b) the claim is impermissibly based on statements of opinion; (c) the complaint fails to plead scienter; (d) the complaint fails to plead reasonable reliance; and (e) a claim that Tisch Asia was not worth the cost is speculative and not a cognizable injury, *see id.*; and

- the claim for unjust enrichment simply repeats Plaintiffs' inadequate allegations on which the other claims are based, *see id.*

In their November 17, 2016 letter, Plaintiffs agreed to amend their complaint to: (a) more specifically identify the documents containing the alleged misrepresentations, (b) allege that a purported duty of good faith and fair dealing arose because Plaintiffs were "uniquely dependent" on NYU, (c) allege that the injury they suffered was inflated tuition price, (d) allege that a "special relationship" existed because the campus in Singapore was located in a "remote location," and (e) add the dates of their last tuition payments. Plaintiffs otherwise maintained that no amendments were necessary to state a claim.

Although it is difficult to evaluate the proposed amendments without seeing the amended complaint, it is clear that many of them would be futile. Moreover, the limited proposed amendments would not cure all of the defects noted above, and NYU believes that an amended complaint would still be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), despite Plaintiffs' arguments to the contrary.

**VENABLE**®LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

October 31, 2016

**By Email**

David N. Cinotti

T 212.370.6279
F 212.307.5598

Oren Giskan, Esq.
Giskan Solotaroff & Anderson LLP
11 Broadway, Suite 2150
New York, New York 10004
ogiskan@gslawny.com

    Re:    *Basso v. New York University*, Case No. 16-cv-7295 (VM)

Dear Mr. Giskan:

    As you know, this firm represents Defendant New York University ("NYU") in this matter. We write pursuant to Section II.B. of Judge Marrero's Individual Practices to notify you that we believe the complaint in this case is subject to a motion to dismiss. We set forth below the bases and authorities on which NYU would move to dismiss the complaint. Under Section II.B.1. of Judge Marrero's Individual Practices, your response to this letter is due within seven calendar days.

### Summary of Factual Allegations

    The complaint alleges that NYU made misrepresentations and broke contractual promises concerning the quality of education at the Tisch School of the Arts in Singapore ("Tisch Asia").

    The named plaintiffs are Anna Basso, Amy Hartman, and Jaime Villa Ruiz, who seek to represent "a class consisting of all students enrolled in the Tisch Asia program." Compl. ¶ 37. Tisch Asia was an NYU graduate program based in Singapore from 2007 through 2015. *Id.* ¶ 13. The plaintiffs contend that, although NYU made statements in its brochures, letters, and marketing materials suggesting that Tisch Asia provided the same quality education as Tisch New York, Tisch Asia was allegedly "subpar" in terms of "the quality of faculty, facilities and equipment" and opportunities. *See, e.g., id.* ¶ 21. The plaintiffs allege seven causes of action—breach of contract, breach of the implied covenant of good faith and fair dealing, violation of N.Y. General Business Law § 349, violation of N.Y. General Business Law § 350, negligent misrepresentation, fraud, and unjust enrichment.

    For the reasons that follow, the complaint fails to allege federal subject-matter jurisdiction and fails to state any claim.

...

# VENABLE LLP

Oren Giskan, Esq.
October 31, 2016
Page 2

## Lack of Subject-Matter Jurisdiction

The complaint bases subject-matter jurisdiction on the Class Action Fairness Act, which requires that at least one class member is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2). The complaint only alleges the plaintiffs' *residency, see* Compl. ¶¶ 10-12, which is insufficient to establish citizenship for diversity purposes. *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also Ganoe v. Lummis*, 662 F. Supp. 718, 723 (S.D.N.Y. 1987), *aff'd*, 841 F.2d 1116 (2d Cir. 1988) ("Naked allegations that the parties are citizens of different states . . . are insufficient to meet the pleading requirement."). The complaint therefore fails to establish federal subject-matter jurisdiction.

## Failure to State a Claim

All of the claims other than fraud are subject to dismissal because they require the court to judge the quality of education that the plaintiffs received at Tisch Asia. New York does not recognize claims that are "predicated upon the quality and adequacy of the course of instruction," *Paladino v. Adelphia Univ.*, 454 N.Y.S.2d 868, 873 (App. Div. 1982), or "that would require the Court to evaluate 'the course of instruction' or 'the soundness of educational methodology,'" *Papaspiridakos v. Educ. Affiliates, Inc.*, No. 10 CV 5628(RJD)(JO), 2013 WL 4899136, at *4 (E.D.N.Y. Sept. 11, 2013) (quoting *Paladino*, 454 N.Y.S.2d at 872–73). *See also Nungesser v. Columbia Univ.*, 169 F. Supp. 3d 353, 370 (S.D.N.Y. 2016); *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 206-07 (S.D.N.Y. 1998); *Andre v. Pace Univ.*, 655 N.Y.S.2d 777, 779-80 (App. Term 1996).

In addition, the contract claims are deficient because a school's alleged promises that it will provide a quality education and faculty are not sufficiently specific to be contractual in nature. *See, e.g., Nungesser*, 169 F. Supp. 3d at 370. Moreover, New York law "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).

The claims under Sections 349 and 350 have a three-year statute of limitations that accrues when the plaintiff was injured by a deceptive act or practice. *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1082-83 (N.Y. 2001); *People ex rel. Spitzer v. Cnty. Bank of Rehoboth Beach, Del.*, 846 N.Y.S.2d 436, 439 (App. Div. 2007). The alleged injuries here occurred when the named plaintiffs purportedly relied on misrepresentations to enroll at Tisch Asia. Even assuming that the plaintiffs graduated two years after enrolling, it appears that 2012 was the most recent enrollment date for any named plaintiff, meaning that these statutory claims for each named plaintiff are time-barred.

Moreover, the complaint fails to allege an actionable misrepresentation, required under both statutes, because statements "as to the quality or comparative quality of the education to be

# VENABLE LLP

Oren Giskan, Esq.
October 31, 2016
Page 3

provided by the [defendant school] are not statements of fact capable of proof, but rather opinions." *Paladino*, 454 N.Y.S.2d at 874. The plaintiffs' theory of injury is also improper because the New York consumer-protection statutes do not provide a claim for "a refund of the purchase price . . . on the ground that [the plaintiff] would not have purchased [a product or service] absent defendant's deceptive practices." *Baron v. Pfizer, Inc.*, 840 N.Y.S.2d 445, 448 (App. Div. 2007). And the complaint fails to allege that any named plaintiff actually saw and relied on any specific misrepresentation, and thus does not plead causation. *See Gale v. Int'l Bus. Machs. Co.*, 781 N.Y.S.2d 45, 47 (App. Div. 2004).

The complaint also fails to allege any actionable misrepresentations to constitute negligent misrepresentation. In addition, there can be no negligent misrepresentation without a special relationship, and there is no special relationship between a university and its students. *See, e.g., Moy v. Adelphi Inst., Inc.*, 866 F. Supp. 696, 706 (E.D.N.Y. 1994); *Gomez-Jimenez v. New York Law Sch.*, 956 N.Y.S.2d 54, 60 (App. Div. 2012).

The fraud claim should be dismissed for numerous reasons. First, the complaint does not comply with Federal Rule of Civil Procedure 9(b). The complaint repeatedly says that educational brochures and handbooks contain misrepresentations, without identifying specific brochures that plaintiffs viewed. *See, e.g.*, Compl. ¶¶ 18, 22. Second, statements of opinion such as those concerning educational quality are not actionable. *See, e.g., Alligood v. Cnty. of Erie*, 749 N.Y.S.2d 349, 350 (App. Div. 2002). Third, the complaint does not allege facts showing "motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness," as is required to plead scienter. *Abu Dhabi Com. Bank v. Morgan Stanley & Co.*, 651 F. Supp. 2d 155, 171 (S.D.N.Y. 2009) (internal quotation marks omitted). Fourth, there can be no reasonable reliance without allegations as to which plaintiffs saw and relied on which statements. *See Tuosto v. Philip Morris USA Inc.*, No. 05 Civ. 9384 (PKL), 2007 WL 2398507, at *9 (S.D.N.Y. Aug. 21, 2007). Fifth, the plaintiffs' claim that a Tisch Asia education was not worth the cost is speculative and therefore not a cognizable injury. *See Mihalakis v. Cabrini Med. Ctr.*, 542 N.Y.S.2d 988, 989-90 (App. Div. 1989).

Finally, there can be no unjust enrichment because the plaintiffs received the benefit of a Tisch Asia education and, for two plaintiffs, a degree. *See, e.g., One Step Up, Ltd. v. Webster Bus. Credit Corp.*, 925 N.Y.S.2d 61, 70 (App. Div. 2011). This claim should also be dismissed because it attempts to "duplicate[], or replace[], a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012).

Very truly yours,

David N. Cinotti

cc:   The Honorable Victor Marrero (by FedEx)

# GISKAN SOLOTAROFF & ANDERSON LLP
## Attorneys at Law

November 17, 2016

**By Email**
David N. Cinotti

      *Re: Basso et al v. New York University, Case No. 16-cv-7295 (VM)*

Dear Mr. Cinotti:

  In accordance with Judge Marrero's Individual Practices, we are writing in response to your October 31, 2016 pre-motion-to-dismiss letter.

  **Subject-Matter Jurisdiction.** All Plaintiffs are citizens of states other than New York. Plaintiffs will amend the Complaint to plead Plaintiffs' citizenship.

  **Breach of Contract Claim Is Properly Pled.**[1] Plaintiffs' breach of contract claim may not be characterized as "educational malpractice" because it does not concern the "quality of education" or require judicial review of "purely academic determinations." *See Matter of Harris v Dutchess County Bd. of Coop. Educ. Servs.*, 50 Misc. 3d 750, 760-761 (N.Y. Sup. Ct. 2015); *Deen*, 2007 U.S. Dist. LEXIS 25295, at *9. *See also Ansari v. New York Univ.*, 1997 U.S. Dist. LEXIS 6863, at *11 (S.D.N.Y. May 16, 1997) (holding that students could maintain an action for breach of contract where they claimed the school failed to honor promises of, *inter alia*, state-of-the-art facilities, faculty tutor-advisors, and appropriate recognition upon completion of the program); *Makaeff v. Trump Univ., LLC*, 2010 U.S. Dist. LEXIS 108467, at *8 (S.D. Cal. Oct. 12, 2010)(declining to dismiss plaintiffs' claims as barred by the educational malpractice doctrine where, as here, plaintiffs' claims "are not based on failure to adequately instruct, but stem from Defendant's failure to provide specific services.") Like in *Trump Univ.*, Plaintiffs here are not bringing this action because they did not succeed in their field - they are bringing this action "because [Defendant] misrepresented what it was providing." *Id.*

  Plaintiffs allege that NYU breached specific promises, contained in its bulletins and other written materials. Compl. ¶¶ 48-54. Specifically, in its 2011 – 2013 Tisch School of the Arts Bulletin ("2011-2013 Bulletin"),[2] Defendant made the following representations: (i) Tisch Asia "offers the same professional training as in New York City." (*Id.* ¶18; Preamble to Compl.); (ii) "[Tisch Asia] faculty are working professionals in the industry."( Compl. ¶22); (iii) "each member of the faculty has been meticulously selected to teach at [Tisch Asia] because of their strong ties in the industry." *Id.*[3]

---

[1] In New York, the relationship between a university and its students is contractual, and the terms of the contract include the rights and obligations of the parties stated in the university's catalogue

[2] To the extent that the Complaint refers to "educational brochures" and "student brochures and handbooks" without identifying the specific brochures, Plaintiffs can amend the Complaint and identify "New York University Bulletin 2011 – 2013 Tisch School of The Arts," available at http://bulletin.cas.nyu.edu/docs/IO/24881/2011_2013Bulletin.pdf, as the specific source of such promises.

[3] In addition to the 2011-2013 Bulletin, the Complaint refers to a specific representation in the 2011 letter to the incoming Tisch Asia students by the former Chair of Tisch Asia's Graduate Film Program Michael Burke, where he promises to ensure "that the faculty, equipment, and facilities are of the same quality that have been established in New York campus." *Id.* ¶19.

**Implied Covenant of Good Faith and Fair Dealing.** Defendant argues that New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing. However, "where a plaintiff establishes a legal duty separate and apart from contractual duties, such a claim is viable despite the existence of an express contract." *Washington v. Kellwood Co.*, 2009 U.S. Dist. LEXIS 32565, at *18 (S.D.N.Y. Mar. 24, 2009). Given the fact that Plaintiffs had to make a life-changing commitment when relocating to a foreign country to attend Tisch Asia, NYU owed them a duty to act in good faith and conduct fair dealing when offering and providing educational services in Singapore, where the students were uniquely dependent upon the school. Plaintiffs will amend the Complaint to plead this duty as described above.

**GBL §§ 349 and 350 Claims.** Plaintiffs agree that GBL §§ 349 and 350 have three-year statute of limitations that accrues when a plaintiff has been injured by a deceptive act or practice. Plaintiffs Anna Basso and Jaime Villa Ruiz, who graduated Tisch Asia in 2014, are within the statute's three years statute of limitations for two reasons: (1) the last date upon which they have been injured by NYU's deceptive acts and/or practices, *i.e.*, making the final payment in late 2013 or 2014 to Defendant, which is within the three-year statute of limitations;[4] (2) under "continuing violations" doctrine, the statute of limitations would be tolled until the most recent alleged NYU's deceptive act. *See Harvey v. Metro. Life Ins. Co.*, 21 Misc. 3d 1142(A), 1142A (N.Y. Sup. Ct. 2005); *Breitman v. Xerox Educ. Servs., LLC*, 2013 U.S. Dist. LEXIS 139613, at *11-12 (S.D.N.Y. Sept. 27, 2013). Plaintiffs' theory of injury is that the price of Tisch Asia program was inflated due to NYU's misrepresentations. This is a recognizable theory of injury under GBL, *see, e.g., Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 481 (S.D.N.Y. 2014), and Plaintiffs sufficiently pled the injury stating that " the hundreds of thousands of dollars they paid for education of far lower quality than provided by Tisch New York were not even remotely worth it." Compl. ¶5. Plaintiffs, however, can amend the Complaint to plead that "the tuition fees of Tisch Asia program were inflated as a result of NYU's deceptive acts or practices." The Complaint sufficiently asserts causation for purposes of GBL, where it states that "[a]s a direct and proximate result of Defendant's actions, plaintiff and the class suffered injuries" (Compl. ¶69), and "Tisch Asia students relied on these and similar NYU's representations that, in sum and substance, Tisch Asia and Tisch New York were identical programs, when making the decision to enroll at Tisch Asia." *Id.* ¶20. *See Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 U.S. Dist. LEXIS 126880, at *66 (E.D.N.Y. Sept. 22, 2015) ("Causation is adequately pled where a plaintiff alleges that the defendant's material deception caused the plaintiff to suffer a monetary loss.")

**Negligent Misrepresentation.** Defendant argues that the misrepresentations stated above are not actionable and that there can be no special relationship between a university and its students necessary to sustain a claim for negligent misrepresentation. As explained above, the pled misrepresentations are specific promises. The "special relationship" between Tisch Asia students and NYU existed due to Singapore campus' remote location, which required the students to relocate into a foreign country with different currency, culture, laws and language, causing Tisch Asia students to put confidence and trust in NYU's faculty and administration. The unique nature of Tisch Asia as a newly established program, which was administered strictly abroad, makes this case distinguishable from mainstream cases against educational institutions

---

[4] Plaintiffs will amend the Complaint to add the date they made the last payment to Defendant.

cited by Defendant in its letter, *i.e. Gomez-Jimenez* and *Moy v. Adelphi*, and sufficient to withstand the motion to dismiss. *See Kimmell v. Schaefer*, 89 N.Y.2d 257, 264 (N.Y. 1996) ("Whether the nature and caliber of the relationship between the parties is such that the injured party's reliance on a negligent misrepresentation is justified generally raises an issue of fact.") Plaintiffs will amend the Complaint to plead the special relationship as described above.

**Fraud.** Defendant argues that (1) the Complaint does not comply with Fed. R. of Civ. P. 9(b) because it does not identify the specific brochures; (2) statements of opinion are not actionable; (3) Plaintiffs fail to sufficiently plead scienter and (4) reliance; and (5) Plaintiffs' injuries are not cognizable. First, as stated above, Plaintiffs will amend the Complaint to specify the 2011-2013 Bulletin as a source of some misrepresentations, although NYU is undoubtedly familiar with its own bulletins. Second, the specific misrepresentations listed above are not statements of opinion, but rather statements of fact capable of proof. Third, the Complaint sufficiently pleads scienter as it alleges facts allowing the Court to infer a motive for committing fraud (which is, in essence, cutting costs while maximizing profits by luring students to attend a new program in a remote location, which some faculty described as "hastily and inexpertly created" (Compl.¶7) to receive premium tuition fees) and NYU's intentional conduct (which is easily inferred, for example, by the fact that NYU continued promoting Tisch Asia to students in its 2011-2013 Bulletin,[5] even though it made the decision to close Tisch Asia in 2012 (*Id.* ¶5)). *See Matter of Harris v Dutchess County Bd. of Coop. Educ. Servs.*, 50 Misc. 3d 750, 763-764 (N.Y. Sup. Ct. 2015); *Moy v. Adelphi Inst.*, 866 F. Supp. 696, 703 (E.D.N.Y. 1994). Fourth, even though the reliance is adequately pled (Compl. ¶¶20, 87), Plaintiffs will amend the Complaint to specify which specific misrepresentations they relied on. Fifth, Plaintiffs' injury is not speculative and can be measured by comparing the cost of tuition at Tisch Asia with the cost of tuition at a comparable program.[6]

**Unjust Enrichment.** Plaintiffs plead unjust enrichment claim in the alternative to their breach of contract claim, which is permissible at the pleading stage. After the Court has ruled that a contract exists, or Defendant admits the existence of the contract, the unjust enrichment claim can be withdrawn.

Very Truly Yours,
/s

Aliaksandra Ramanenka

Cc: Honorable Victor Marrero (by Fax and FedEx)

---

[5] Plaintiff will amend the Complaint to plead that NYU made similar representations concerning Tisch Asia on its website in 2013.

[6] In addition, Plaintiffs' damages for their fraud claims include lost income and other expenses relating to their decision to attend Tisch Asia, including relocation expenses.