**VENABLE** LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

January 31, 2017

David N. Cinotti
T 212.370.6279
F 212.307.5598

**By FedEx**

The Honorable Victor Marrero
U.S. District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Basso v. New York University*, Case No. 16-cv-7295 (VM)

Dear Judge Marrero:

    This firm represents Defendant New York University ("NYU") in this matter. Plaintiffs filed their amended complaint in this case on January 6, 2017. In accordance with Section II.B.1 of Your Honor's Individual Practices, NYU sent Plaintiffs a letter dated January 17, 2017, setting forth the bases on which NYU believes the amended complaint is deficient. Plaintiffs responded to NYU's letter on January 24, 2017. Copies of those letters are enclosed. Pursuant to Section II.B.2 of Your Honor's Individual Practices, NYU respectfully sets forth below the reasons that a motion to dismiss the amended complaint remains warranted.

    First, New York law does not permit claims based on allegations that a school or university failed to provide a quality education or misrepresented the quality of the education offered. *See* NYU Jan. 17, 2017 Ltr. at 1-2. Plaintiffs appear to concede that they cannot state a claim based on allegations that Tisch Asia and Tisch New York were not comparable in education, faculty, and facilities, and thus all claims based on that theory should be dismissed. *See* Plfs. Jan. 24, 2017 Ltr. at 1 (seeking to avoid case law by arguing that "[t]he representations that Tisch Asia was identical to Tisch New York were always followed and substantiated by the promises of very specific benefits"). Plaintiffs instead attempt to cite "specific promises" in the amended complaint concerning the faculty, facilities, and course offerings. *See id.* at 1-2. But the university bulletins relied on in the amended complaint clearly set out that "[t]he policies, requirements, course offerings, schedules, activities . . . of the school and its departments and programs set forth in this bulletin are subject to change without notice at any time at the sole discretion of the administration. Such changes may be of any nature . . . ." Tisch Sch. of the Arts Bulletin 2009-2011, at 1; Tisch Sch. of the Arts Bulletin 2011-2013, at 1 (attached hereto); *see* Am. Compl. ¶ 21 n.5, ¶ 27 n.11 (citing Tisch School of the Arts Bulletins). Thus, even if the purported "specific promises" fell within an exception to the prohibition on claims based on educational quality, they would not be actionable due to this disclaimer. *See, e.g., Deen v. New*



The Honorable Victor Marrero
January 31, 2017
Page 2

*Sch. Univ.*, No. 05 Civ. 7174 KMW, 2007 WL 1032295, at *2 (S.D.N.Y. Mar. 27, 2007); *Keles v. N.Y. Univ.*, No. 91 CIV. 7457 (SWK), 1994 WL 119525, at *6 (S.D.N.Y. Apr. 6, 1994); *Prusack v. New York*, 498 N.Y.S.2d 455, 456 (App. Div. 1986).

Second, Plaintiffs fail to respond meaningfully to NYU's argument that they have not alleged a cognizable theory of harm. *See* NYU Jan. 17, 2017 Ltr. at 2-3. Plaintiffs do not address the cases that NYU cites, but instead argue that: (1) they do not need to plead a theory of harm for contract claims, and (2) the court can determine damages on the other claims "by comparing the cost of tuition at Tisch Asia with the cost of tuition at a comparable program." Plfs. Jan. 24, 2017 Ltr. at 2. They are wrong on both counts. A plaintiff must plead a nonspeculative theory of harm to state a claim for breach of contract under New York law. *See Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370, 1376 (N.Y. 1996) (upholding dismissal of contract claim because "plaintiffs' damages claim . . . is not susceptible to proof with certainty but is instead entirely speculative"). And Plaintiffs' new-found method of pleading harm is no less speculative than those rejected by New York courts. *See Mihalakis v. Cabrini Med. Ctr.*, 542 N.Y.S.2d 988, 989-90 (App. Div. 1989) (holding that "difference between the value of the internship program provided by defendants and the value of an internship program having the characteristics that defendants represented to plaintiff Cabrini had but did not" was too speculative for fraud); *see also Gomez-Jimenez v. N.Y. Law Sch.*, 943 N.Y.S.2d 834, 848-49 (Sup. Ct. 2012) (holding that difference between cost of law school based on alleged misrepresentations and "true value" of education provided could not be determined under G.B.L. § 349), *aff'd*, 956 N.Y.S.2d 54 (App. Div. 2012). It would require the factfinder to identify a program "comparable" to Tisch Asia (whatever that might mean) and infer from the price difference that Tisch Asia was overvalued. Even if that were possible, no factfinder could determine whether the price difference were due to the alleged misrepresentations or a myriad of other factors, including the school's location, name recognition, strategy for attracting students, costs, or alumni network.

Finally, Plaintiffs are incorrect in their arguments concerning the other defects in the amended complaint. With respect to their fraud claim, Plaintiffs have not alleged when they or any member of the class actually saw and therefore relied on any allegedly false statement. The amended complaint merely states in a conclusory fashion that the named plaintiffs relied on a few of the statements alleged. *See* Am. Compl. ¶ 109. That would not be sufficient for Rule 8, let alone Rule 9(b). *See, e.g.*, *Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 361-62 (S.D.N.Y. 2009) (dismissing fraud claim under Rule 9(b) for failing to specify when plaintiff alleged saw and relied on alleged misrepresentation). Moreover, Plaintiffs are wrong that they can delay running of the statute of limitations by claiming that they re-relied on the same false statements each time they paid tuition. *See, e.g.*, *Malhotra v. Equitable Life Assur. Society of United States*, 364 F. Supp. 2d 299, 306 (E.D.N.Y. 2005) (holding that statute of limitations for securities fraud began to run on the date of the plaintiff's first investment based on the defendant's false statement; plaintiff could not restart the statute of limitations by making



The Honorable Victor Marrero
January 31, 2017
Page 3

subsequent investments based on the same false statement). Indeed, any continued reliance on promises that had proven false would not be reasonable. *See, e.g.*, *JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 405 (S.D.N.Y. 2004) ("[W]here a plaintiff actually knew at the time a representation was made that it was false, she cannot claim to have relied on the truth of that representation, and any injury she suffers is therefore not attributable to the defendant.").

In addition, Plaintiffs have failed to articulate a basis for their implied-covenant, negligent-misrepresentation, and unjust-enrichment claims. The fact that Tisch Asia was a study-abroad program does not establish a breach of implied covenant or provide any heightened duty for tort or quasi-contract claims, and Plaintiffs do not cite a single case to support that it does. The general proposition that a special relationship can often turn on the facts does not undermine New York courts' repeated holding that, as a matter of law, "New York law does not allow for a cause of action based on negligent misrepresentation in the educational context." *Moy v. Adelphi Inst., Inc.*, 866 F. Supp. 696, 706 (E.D.N.Y. 1994). Moreover, Plaintiffs' theory appears to be that the statements in the school's marketing materials and bulletins induced them to enroll at Tisch Asia (as stated above, the complaint does not allege when Plaintiffs saw any false statements). Plaintiffs certainly cannot claim that a university has a special relationship with *prospective* students, and Plaintiffs' purported "unique[] dependence" on Tisch Asia while they were abroad, Plfs. Jan. 24 Ltr. at 3, is irrelevant to showing a special relationship before Plaintiffs enrolled. Plaintiffs are also wrong to argue that they can prove unjust enrichment if the education they received did not "include all benefits NYU promised Tisch Asia students." *Id.* Unjust enrichment is not a substitute for a contract claim, but is available only in "unusual situations . . . creat[ing] an equitable obligation running from the defendant to the plaintiff," typically when a defendant, though no fault of its own, has received money to which it is not entitled. *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). Where, as here, the claim is simply an alternative theory of tort or contract liability, it must be dismissed. *Id.*

NYU therefore respectfully requests the opportunity to file a motion to dismiss the amended complaint.

Respectfully,

David N. Cinotti

Enclosures

cc: Oren Giskan, Esq.
Aliaksandra Ramanenka, Esq. (by email)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant.

SO ORDERED.

2-24-17
DATE

VICTOR MARRERO, U.S.D.J.



New York University Bulletin 2009/2011

*Tisch School of the Arts*

# NEW YORK UNIVERSITY BULLETIN
## 2009-2011



# Tisch School of the Arts

ANNOUNCEMENT FOR
THE 44TH AND 45TH SESSIONS

721 BROADWAY
NEW YORK, NEW YORK 10003-6807

Table of Contents

School Directory.................................................2
Calendar...........................................................4
An Introduction to New York University............6
  Schools and Colleges........................................7
  New York University and New York...............8
  Administration..............................................10
An Introduction to the
  Tisch School of the Arts................................12
Directory of Departments................................14

Departments and Programs

Department of Art and Public Policy...............15
  Center for Art and Public Policy..................16

Institute of Performing Arts............................23
  Graduate Acting Program............................24
  Department of Dance...................................28
  Department of Design for Stage and Film....33
  Department of Drama, Undergraduate.........40
  Department of Performance Studies.............57
  Graduate Musical Theatre Writing
    Program....................................................67

Maurice Kanbar Institute of Film
  and Television.............................................71
  Film and Television,
    Undergraduate Division..............................72
  Film and Television,
    Graduate Division......................................93
  Animation and Digital Arts........................102

Department of Photography and Imaging......107
Rita and Burton Goldberg Department of
  Dramatic Writing......................................119
Interactive Telecommunications Program......130

Skirball Center for New Media......................159
Department of Cinema Studies.....................160

Clive Davis Department of Recorded Music...179

Admission.....................................................191

Tuition, Fees, and Expenses...........................203

Financial Aid................................................208

Policies and Procedures.................................215

Summer Programs/Study Abroad..................222

All-University Student Activities
  and Services...............................................224

Tisch School of the Arts
  Student Affairs and Services.......................226

Community Connections..............................230

Washington Square Campus Map.................231

Index to Degree Programs.............................233

Faculty Index................................................234

General Index...............................................237

© Copyright, New York University, 2009

**Notice:** The policies, requirements, course offerings, schedules, activities, tuition, fees, and calendar of the school and its departments and programs set forth in this bulletin are subject to change without notice at any time at the sole discretion of the administration. Such changes may be of any nature, including, but not limited to, the elimination of the school, programs, classes, or activities; the relocation of or modification of the content of any of the foregoing; and the cancellation of scheduled classes or other academic activities.
  Payment of tuition or attendance at any classes shall constitute a student's acceptance of the administration's rights as set forth in the above paragraph.

Case 1:16-cv-07295-VM-KNF   Document 25   Filed 02/24/17   Page 6 of 7



# New York University Bulletin  2011/2013

## Tisch School of the Arts

# NEW YORK UNIVERSITY BULLETIN
## 2011-2013



# Tisch School of the Arts

ANNOUNCEMENT FOR
THE 46TH AND 47TH SESSIONS

721 BROADWAY
NEW YORK, NEW YORK 10003-6807

## Table of Contents

School Directory ................................................. 2

Calendar ....................................................... 4-5

An Introduction to New York University ............. 6
Schools and Colleges ......................................... 7
New York University and New York ................ 7
Administration ................................................. 9

An Introduction to the
Tisch School of the Arts .................................. 11

Directory of Departments ................................. 13

Departments and Programs

Department of Art and Public Policy ............... 15
Center for Art and Public Policy .................... 15

Institute of Performing Arts ............................. 22
Graduate Acting Program ............................. 23
Department of Dance .................................... 27
Department of Design for Stage and Film ....... 32
Department of Drama, Undergraduate .......... 39
Department of Performance Studies ............... 56
Graduate Musical Theatre Writing
Program ....................................................... 66

Maurice Kanbar Institute of Film
and Television ................................................. 70
Film and Television,
Undergraduate Division ............................. 71
Film and Television,
Graduate Division ...................................... 94

Tisch Asia
Animation and Digital Arts ..................... 106
Dramatic Writing ................................... 111
International Media Producing ................ 116
Film ....................................................... 119
Department of Photography and Imaging ..... 129
Rita and Burton Goldberg Department of
Dramatic Writing ................................... 140
Interactive Telecommunications Program ........ 150

Skirball Center for New Media ...................... 184
Department of Cinema Studies .................... 185

Clive Davis Institute of Recorded Music .......... 205

Admission ..................................................... 218

Tuition, Fees, and Expenses ........................... 230

Financial Aid ................................................. 235

Policies and Procedures ................................. 239

Summer Programs/Study Abroad ................... 246

All-University Student Activities
and Services ................................................. 248

Tisch School of the Arts
Student Affairs and Services ......................... 250

Community Connections ............................... 254

Washington Square Campus Map .................. 255

Index to Degree Programs ............................. 257

Faculty Index ................................................ 258

© Copyright, New York University, 2011

**Notice:** The policies, requirements, course offerings, schedules, activities, tuition, fees, and calendar of the school and its departments and programs set forth in this bulletin are subject to change without notice at any time at the sole discretion of the administration. Such changes may be of any nature, including, but not limited to, the elimination of the school, programs, classes, or activities; the relocation of or modification of the content of any of the foregoing; and the cancellation of scheduled classes or other academic activities.

Payment of tuition or attendance at any classes shall constitute a student's acceptance of the administration's rights as set forth in the above paragraph.