```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNA BASSO, AMY HARTMAN, AND          :
JAIME VILLA RUIZ,
                                      :
                Plaintiffs,
                                      :
        v.
                                      :   MEMORANDUM AND ORDER
NEW YORK UNIVERSITY,
                                      :   16-CV-7295 (VM) (KNF)
                Defendant.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

*Plaintiffs' Motion for Leave to Amend the Complaint, Docket Entry No. 60*

Before the Court is the plaintiffs' motion seeking leave to file a second amended complaint ("SAC") which would: (1) include "more specific allegations explaining the basis for claiming that Defendant misrepresented the nature and quality of the education at Tisch Asia to prospective students (SAC ¶¶ 9-10, 55, 58-61, 64(h), 82(g),[1] 107)"; (2) include "a new theory of liability – a claim for negligent concealment based on the same operative facts that underpin Plaintiffs' other claims (SAC ¶¶ 118-131)"; and (3) exclude "the cause of action for breach of duty to act in good faith and fair dealing." The plaintiffs' "amendment is prompted by evidence, recently uncovered during discovery" showing that: (a) "Defendant failed to disclose that Tisch Asia was an uncertain, <u>five-year experiment</u>"; and (b) "NYU's top administration was interested in Tisch Asia's failure from the very beginning and knew of the high risk that the program would have to be closed if the Singaporean Government did not repeal its tax on tuition," none of which

---

[1] The plaintiffs' SAC does not contain ¶ 82(g), but contains ¶ 78(g). The plaintiffs' SAC paragraph numbering is erroneous because ¶ 83 follows ¶ 78(g). Without mentioning the error, the plaintiffs refer in their reply to ¶ 78(g), referenced in their application as the non-existing ¶ 82(g).

1

was disclosed to the plaintiffs. The plaintiffs assert that "[t]he amendment will not require additional discovery and will not prejudice Defendant" because: (i) the plaintiffs have been deposed and "the proposed amendment does not implicate any of their testimony"; (ii) no undue delay exists because the plaintiffs obtained new evidence forming the basis of the "Negligent Concealment" cause of action "in April 2018"; and (iii) "even absent amendment of the complaint, Plaintiffs are seeking an extension of the discovery schedule."

The defendant contends that the amendment: (1) "improperly reasserts claims under New York General Business Law[] ['GBL'] that the Court already dismissed on NYU's motion to dismiss"; and (2) a "negligent concealment" cause of action, is "non-viable," because "[u]nder New York law, a university cannot have a special relationship with its students," and duplicative of Plaintiffs' negligent misrepresentation claim." Moreover, the request to amend is made in bad faith -- after the plaintiffs have been deposed -- because the plaintiffs knew about the proposed allegations, "since at least November 2017, when NYU produced documents regarding the five year review of the program." The defendant asserts it will be prejudiced by the amended pleading, since it did not have an opportunity "to explore the new allegations contained in the SAC."

The plaintiffs reply that the new "GBL . . . allegation," "¶78(g)," is "based on the newly-discovered documents" the defendant failed to disclose and "wrongfully deceived and mislead the plaintiff in order to conceal this cause of action"; thus, equitable tolling applies to the plaintiffs' "GBL § 349 cause of action based on the theory of omission." According to the plaintiffs, the "negligent concealment" cause of action is not futile because the assigned district judge already found that the plaintiffs alleged sufficient facts indicating that a special relationship exists in pleading a negligent misrepresentation cause of action, an element that is

2

identical to the element of a "negligent concealment" cause of action. Moreover, "[t]he proposed SAC also sufficiently pleads Plaintiffs' reliance on the omission." The plaintiffs contend that the defendant will not be prejudiced because

> SAC's new theory of liability based on NYU's omissions regarding the length of Tisch Asia program stems from the same operative facts merely refining Plaintiffs' previously asserted GBL § 349 and negligent misrepresentation claims . . . and Defendant sufficiently explored this theory at Plaintiffs' depositions.

### *Legal Standard*

Once the time for amending pleadings as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). An amendment is futile if it would fail "to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Panther Partners v. Ikanos Commc'ns, 681 F.3d 114, 119 (2d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

3

*Application of Legal Standard*

SAC Proposed Count II: Violations of GBL § 349 and Count III: Violations of GBL § 350

The plaintiffs' proposed SAC includes the following claims: (a) "COUNT II: VIOLATIONS OF G.B.L. § 349 ET SEQ."; and (b) "COUNT III: VIOLATIONS OF G.B.L. § 350 ET SEQ.", not mentioned in the plaintiffs' application for leave to amend the complaint. Although the plaintiffs noted in their application that the assigned district judge "denied [the motion to dismiss] with respect to Plaintiffs' claims for breach of contract, negligent misrepresentation, fraud, and unjust enrichment," they failed to bring to the Court's attention the fact that the motion to dismiss was "GRANTED in part as to the breach of the implied covenant of good faith and fair dealing and General Business Law ('G.B.L.') Section 349 and 350 claims." Docket Entry No. 27. The plaintiffs' GBL §§ 349 and 350 causes of action were dismissed as barred by the three-year statute of limitations and their argument that the continuing violation doctrine applies tolling, equitably, the statute of limitations was rejected because the assigned district judge was "not persuaded that Plaintiffs have plead a series of deceptive acts such that the continuing violation doctrine applies." The plaintiffs' proposed GBL §§ 349 and 350 causes of action are identical to the GBL §§ 349 and 350 causes of action dismissed previously, except for the proposed ¶ 78(g). The plaintiffs concede in their reply that their GBL §§ 349 and 350 causes of action are outside of the statute of limitations, but assert that equitable tolling applies to the plaintiffs' "GBL § 349 cause of action based on the theory of omission," making citation to "*M & T Mortgage Corp. v. White*, 736 F. Supp.2d 538, 556 n.12 (E.D.N.Y. 2010)" for the proposition that under "the New York standard on equitable tolling, which is similar to its federal counterpart," the plaintiffs "must establish that the defendant 'wrongfully deceived or misled the plaintiff in order to conceal a cause of action,' and that the failure to initiate the suit in a timely

4

fashion did not result from a lack of diligence . . . citing *Council v. Better Homes Depot, Inc.*, No. 04-CV-5620, 2006 WL 2376381, at *11 (E.D.N.Y. Aug. 16, 2006)." However, <u>M & T Mortgage Corp. v. White</u> and <u>Council v. Better Homes Depot, Inc.</u>, rely on <u>Gleason v. Spota</u>, 194 A.D.2d 764, 599 N.Y.S.2d 297 (App. Div. 2d Dep't 1993), which involves the doctrine of equitable estoppel and states:

> A defendant may be estopped from pleading the Statute of Limitations where a plaintiff was induced by fraud, misrepresentation, or deception to refrain from timely commencing an action. Where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing a timely action, the plaintiff must demonstrate a fiduciary relationship—not present here—which gave the defendant an obligation to inform him or her of facts underlying the claim.

<u>Id</u>. at 765, 599 N.Y.S.2d at 299 (internal citations omitted).

Although the assigned district judge found that the plaintiffs "sufficiently alleged facts that indicate a special relationship exists to plead a negligent misrepresentation claim," no fiduciary relationship is alleged in the proposed SAC or mentioned by the plaintiffs in their reply. Thus, absent the allegation of fiduciary relationship between the plaintiffs and the defendant, the New York equitable tolling theory proffered by the plaintiffs in their reply would not be applicable to toll the statute of limitations in this case. See <u>id</u>. Accordingly, the plaintiffs may not revive the GBL §§ 349 and 350 causes of action, dismissed previously as time barred, based on the proffered theory of equitable tolling, since such causes of action would be futile.

### SAC Proposed Count VII: Negligent Concealment

The thrust of the plaintiffs' proposed "negligent concealment" cause of action is that: (i) the defendant failed to disclose to the plaintiffs "that Tisch Asia's existence after the first five years of operation was dependent on whether NYU would be able to make a new deal with the Singaporean Government, including a deal on Singaporean tax on tuition"; and (ii) had the

5

plaintiffs "known that Tisch Asia was a five-year project with an uncertain future and with its existence after the first five years of operation dependent on whether a new deal with Singaporean Government would be made, they would not have enrolled in the program." The defendant asserts that the "negligent concealment" cause of action is not viable and is duplicative of the negligent misrepresentation claim. The plaintiffs contend in their reply that their "negligent concealment" cause of action: (1) is viable because the "special relationship" element "is identical for negligent misrepresentation and negligent concealment causes of action"; and (2) "stems from the same operative facts merely refining" the plaintiffs' "negligent misrepresentation claims."

"A claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." J.A.O. Acquisition Corp. v. Stavitsky, 8 N.Y.3d 144, 148, 831 N.Y.S.2d 364, 366 (2007). The plaintiffs are correct that: (a) the special relationship between the plaintiffs and the defendant was already found to be alleged sufficiently in connection with their negligent misrepresentation claim, see Docket Entry No. 27; and (b) their "negligent concealment" cause of action "stems from the same operative facts merely refining" the plaintiffs' "negligent misrepresentation claims." The plaintiffs' "negligent concealment" cause of action is included in and duplicative of their negligent misrepresentation cause of action because, under New York law, negligent misrepresentation includes misrepresentation by failure to impart information. See J.A.O. Acquisition Corp., 8 N.Y.3d at 148, 831 N.Y.S.2d at 365 ("J.A.O. alleged that CoreStates misrepresented D.B. Brown's outstanding liabilities by negligently failing to include in the payoff letter the $1.3 million negative balance in D.B.

Brown's operating account. J.A.O. contended that it would not have purchased D.B. Brown's stock had it known it would become liable to pay this additional debt to CoreStates."). Amending the complaint because the plaintiffs obtained certain evidence during discovery that they believe supports their negligent misrepresentation cause of action would be a futile exercise that would prolong the action unjustifiably and prejudice the defendant unduly.

<u>SAC Proposed Exclusion of Count II: Breach of Duty To Act in Good Faith and Conduct Fair Dealing</u>

In their First Amended Class Action Complaint, the plaintiffs asserted "Count II: Breach of Duty To Act in Good Faith and Conduct Fair Dealing," which they now propose to "exclude[]." However, that cause of action was dismissed when the assigned district judge granted, in part, the defendant's motion to dismiss "as to the breach of the implied covenant of good faith and fair dealing." Docket Entry No. 27. The plaintiffs' attempt to withdraw the cause of action that was already dismissed is unnecessary and frivolous.

### *Conclusion*

For the foregoing reasons, the plaintiffs' motion for leave to amend the complaint, Docket Entry No. 60, is denied.

Dated: New York, New York  
June 5, 2018

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE