# VENABLE

VENABLE LLP | 1270 AVENUE OF THE AMERICAS
24TH FLOOR | NEW YORK, NY 10020
T +1 212.307.5500  F +1 212.307.5598  Venable.com

January 10, 2020

**VIA FAX TO 212-805-6382**
Honorable Victor Marrero
United States Courthouse
500 Pearl St., Suite 1040
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/20

Michael J. Volpe

T 212.808.5676
F 212.307.5598
mjvolpe@venable.com

Re:   *Basso et al. v. NYU*, Case No. 16-cv-7295 (VM) (KNF)

Dear Judge Marrero:

This firm represents Defendant New York University ("NYU") in the above-referenced matter. We write pursuant to Section II.A.2 of Your Honor's Individual Practices to respectfully request a pre-motion conference to discuss NYU's anticipated motion for summary judgment in this case. On December 23, 2019, Mag. Judge Fox adopted the following briefing schedule for summary judgment: NYU's moving papers due January 31, 2020; Plaintiffs' Response due March 13, 2020; and NYU's Reply due April 3, 2020. Dkt. No. 115.

## Background

Plaintiffs Anna Basso, Amy Hartman and Jaime Villa Ruiz (the "Named Plaintiffs")[1] are former students of NYU's Tisch School of the Arts Film & Television graduate program in Singapore ("Tisch Asia"), which opened in 2007 and closed, for purely financial reasons, in 2015. By all accounts, Tisch Asia was an academic success. NYU invested millions of dollars on new, state of the art facilities and equipment and provided a faculty and curriculum commensurate with the quality of (and including a number of faculty from) the Tisch School of the Arts Graduate Film & Television program in New York ("Tisch NY"). Perhaps best summarizing the Tisch Asia experience, Plaintiffs Hartman and Villa Ruiz described their decisions to enroll as one of the best and most important decisions of their lives.

Despite the academic success of Tisch Asia, the Named Plaintiffs have sued NYU alleging breach of contract, negligent misrepresentation, fraud, and unjust enrichment.[2] They allege that NYU's marketing materials on the Tisch Asia website amounted to a general promise that Tisch Asia and Tisch NY would be the "same" program and NYU failed to deliver on this promise. They further allege that NYU was obligated to inform prospective students about the financial state of

---

[1] Your Honor certified a class of "all students who attended New York University Tisch School of the Arts, Asia" but excluded the Named Plaintiffs' breach of contract claim from this certification. Dkt. No. 106.

[2] Your Honor dismissed Plaintiffs' implied covenant of good faith and fair dealing and New York General Business Law claims. Order on Motion to Dismiss, Feb. 24, 2017, Dkt. No. 27.

# VENABLE LLP

Honorable Victor Marrero
January 10, 2020
Page 2

Tisch Asia. Following extensive discovery, NYU asserts that there are no genuine issues of material fact to be presented to a jury and all claims should be dismissed.

### The Breach of Contract and Unjust Enrichment Claims Should be Dismissed

The Named Plaintiffs' breach of contract claim should be dismissed because they cannot identify any specific, actionable representation by NYU that was breached. New York law recognizes that "the relationship between a university and its students is contractual in nature." *Papaspiridakos v. Educ. Affiliates, Inc.*, No. 10 CV 5628(RJD)(JO), 2013 WL 4899136, at *3 (E.D.N.Y. Sept. 11, 2013) *aff'd* 580 Fed. Appx. 17 (2d Cir. 2014) (citation omitted). When a prospective student is admitted to a university, "an implied contract forms, and the terms of the agreement are supplied by the bulletins, circulars and regulations made available to the student." *Id.* (quotations and citation omitted). To assert a breach of this implied contract, "*specifically designated and discrete promises*" must be identified. *Ward v. New York Univ.*, No. 99 CIV. 8733(RCC), 2000 WL 1448641, at *4 (S.D.N.Y. Sept. 28, 2000) (emphasis added).

Here, many of the alleged representations cited – such as "world renowned," "strong ties to the industry," and "high level of teaching excellence" – are marketing puffery lacking enough specificity to form the basis of any breach of an implied contract. *See e.g., id.* (promises such as "to provide a great learning environment" and "supervision and teaching by honest and unbiased instructors" are "broad pronouncements" that "cannot form the basis for a breach of contract claim"); *In re Xinhua Fin. Media, Ltd. Secs. Litig.*, No. 07 Civ. 3994(LTS)(AJP), 2009 WL 464934, at *8 (S.D.N.Y. Feb. 25, 2009) (adjectives "such as 'strong,' 'experienced,' and 'capable,'. . . are nothing more than puffery"). Indeed, the Named Plaintiffs each testified with varied definitions for these subjective, immeasurable terms and Plaintiff Hartman conceded that at least one of these alleged representations was "slippery" and "tricky" to define. Any remaining potentially actionable representations concern academic judgments that would require the Court to engage in improper review of pedagogical decision-making by Tisch Asia's administrators and faculty. *See Papelino v. Albany Coll. of Pharm. of Union Univ.*, 633 F.3d 81, 93-94 (2d Cir. 2011); *Paladino v. Adelphi Univ.*, 89 A.D.2d 85, 454 N.Y.S.2d 868, 870-73 (2d Dep't 1982). The undisputed record shows that Tisch Asia students received an education commensurate with the sister program at Tisch NY and obtained an NYU Tisch School of the Arts Master's degree ("Tisch Master's degree"). The law permits no further assessment of NYU's pedagogical choices here. Further, the claim for unjust enrichment fails because it is indistinguishable from the breach of contract claim and Plaintiffs received the bargained-for benefit of a Tisch Master's degree. *Rabin v. Money Life Ins. Co.*, 387 Fed. Appx. 36, 42 (2d Cir. 2010); *One Step Up, Ltd. v. Webster Bus. Credit Corp.*, 87 A.D.3d 1, 925 N.Y.S.2d 61, 70 (App. Div. 1st Dep't 2011).

### The Negligent Misrepresentation Claim Should be Dismissed

Plaintiffs' claim for negligent misrepresentation should be dismissed because the undisputed record fails to establish the "special relationship" element of their claim and because it

# VENABLE LLP

Honorable Victor Marrero
January 10, 2020
Page 3

is based on the false premise that Tisch Asia was a "five year project." Under New York law, no special relationship exists between a university and its students, let alone prospective students, and neither the relatively young age of the Tisch Asia program, nor the program's location in Singapore created any duty beyond the purely contractual relationship between NYU and its students. *See Jeffers v. Am. Univ. of Antigua*, 125 A.D.3d 440, 440-41, 443 (1st Dep't 2015); *Ansari v. N.Y. Univ.*, No. 96 CIV. 5280 (MBM), 1997 U.S. Dist. LEXIS 6863, at *2-4, 18 (S.D.N.Y. May 16, 1997).

To the extent Plaintiffs' claim is based on the premise that NYU knew Tisch Asia was destined to fail because it was a "five year project," the record demonstrates that this claim is entirely false and, moreover, would require this Court to create a new legal tenet requiring colleges and universities to disclose financial data to prospective students. And even if this Court did so, Plaintiffs' claim would still fail because the record demonstrates that NYU was engaged in substantial efforts to sustain Tisch Asia at the time Plaintiffs enrolled and thus Plaintiffs cannot show NYU omitted any *material* information it was obligated to disclose. *See Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc.*, 723 F. Supp. 976, 990 (S.D.N.Y. 1989). These efforts included years-long negotiations with the Singapore government, culminating in a proposal backed by a Singaporean development agency that would have stabilized Tisch Asia's finances. Ultimately, and unexpectedly, the highest level of the Singapore government declined to fund the proposal, and NYU was forced to close Tisch Asia and immediately announced those plans. Since there was no special relationship between NYU and its students and NYU did not withhold any material information, Plaintiffs' negligent misrepresentation claim should be dismissed.

## The Fraud Claim Should be Dismissed

Plaintiffs' claim for fraud fails because there is absolutely nothing in the record upon which a jury could find any intent to defraud Tisch Asia students. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 592 F. Supp. 2d 608, 639 (S.D.N.Y. 2009) (granting summary judgment on common law fraud claim under New York law due to lack of intent to deceive). Indeed, the record demonstrates the contrary: NYU fully expected Tisch Asia to be an enduring program with the backing of the Singapore government, and NYU devoted significant effort, financially and otherwise, to develop Tisch Asia and sustain the program through its financial difficulties. When NYU ultimately decided to close the program, students were immediately informed and offered an individualized plan through graduation; first-year students were offered full tuition refunds, but most turned this offer down and pursued their degrees to completion. There are simply no facts to support a claim of fraud.

Sincerely,
/s/ Michael J. Volpe
Michael J. Volpe

cc:   All counsel of record for Plaintiffs (*via email*).

SO ORDERED. The Clerk of Court is directed to enter into the public docket of this case the letter above from defendant.

1-13-20
DATE

VICTOR MARRERO, U.S.D.J.